UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

ALEXANDER MARCHAK, HOLLY MARCHAK, ALEX MARCHAK, CONNIE BOCCIA, FRANK BOCCIA, MARGOT BOCCIA, BRIAN MARCHESE, LIDIA OHRYN, MARIKA OHRYN, PETER OHRYN, OHRYN FAMILY TRUST, JOSEPH RUDIS, IRENE RUDIS, LOIS SARLI-KREBS, LISA CAPRARA SECH, ANTHONY SECH, MYRON SECH, LEONARD MANDATO, EDWARD MAHONEY, TARA MAHONEY, GREGORY TARAZZI, FREDERICK TARAZZI, GEORGE TARAZZI, KATHLEEN TARAZZI, ANDREA CHIARAPPA, YOLANDA CHIARAPPA, DOREEN DALY, FRANCIS DALY, LORRAINE DALY,

Plaintiffs,

-against-

JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., M&T BANK CORPORATION, HSBC NORTH AMERICA INC., D/B/A HSBC BANK USA, N.A., AND TD BANK, N.A., AS SUCCESSOR IN INTEREST TO COMMERCE BANK,

Defendants.

-----------------------------------------------------------------------x

Index No.: 506819/2015

**NOTICE OF REMOVAL**

Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, “JPMorgan”), M&T Bank (“M&T Bank”) incorrectly sued as M&T Bank Corporation, HSBC North America Inc. (“HSBC”) named herein as HSBC North America Inc. d/b/a HSBC Bank USA, N.A., and TD Bank, N.A. (“TD Bank”), by their undersigned attorneys, respectfully request removal of this action to this Court under 28 U.S.C. §§ 1441 and 1446.

## PROCEDURAL BACKGROUND

1. Plaintiffs commenced this action on June 3, 2015 by filing a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Kings. Plaintiffs served (i) JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. on June 23, 2015 and June 26, 2015, respectively, (ii) M&T Bank through the New York Secretary of State on June 23, 2015, (iii) HSBC through the New York Secretary of State on June 23, 2015, and (iv) TD Bank on June 26, 2015. In accordance with 28 U.S.C. § 1446(a), all other process, pleadings and orders that Plaintiff served on Defendants are attached herewith as Exhibit A; additional state court filings are attached herewith as Exhibit B..

2. This notice is filed with this Court within thirty (30) days after receipt by Defendants of the Complaint. All Defendants consent to removal.

3. In filing this Notice of Removal Defendants do not waive and specifically reserve all defenses, exceptions, rights and motions. No statement or omission in this Notice shall be deemed an admission of any of the allegations or request for relief set forth in the Complaint.

## THE COURT HAS FEDERAL QUESTION JURISDICTION

4. Removal is proper because the Court has jurisdiction under 28 U.S.C. § 1331, which establishes federal question jurisdiction: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction arises not only where federal law creates the cause of action, but also where a complaint asserting state law claims necessarily presents substantial, disputed issues of federal law, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *See Gunn v.*

*Minton*, ___ U.S. ___, 133 S. Ct. 1059, 1064-65 (2013). This case falls within the latter category.

**I. Plaintiffs allege violations of federal laws and regulations.**

5. The Complaint arises from damages Plaintiffs allegedly sustained at the hands of Philip Barry and his investment advisory firms, Leverage Group, Leverage Option Management Co., Inc., and North American Financial Services (collectively the "Leverage Group"). Over approximately thirty years, Barry is said to have used the Leverage Group to perpetrate a large-scale securities fraud, which operated as a Ponzi scheme, in which he bilked hundreds of investors out of approximately $40 million by selling securities in Leverage investment funds.

6. Plaintiffs allege that the defendants, through the provision of routine banking services, "facilitated" and "enabled" the scheme that Barry and the Leverage Group carried out. Compl. ¶ 54. In support of this contention, Plaintiffs allege that each of the defendants violated federal law and regulations governing the maintenance of customer accounts at depository institutions, including the Bank Secrecy Act of 1970 (the "Bank Secrecy Act"), the USA PATRIOT Act of 2001 (the "Patriot Act"), multiple federal regulations, and unspecified federal "know your customer" and "Anti Money Laundering" ("AML") requirements. *Id*. ¶¶ 2-11. Plaintiffs claim, among other things, that federal law required Defendants to identify and report Barry and the Leverage Group's unlawful activities, and that Defendants are liable for failing to identify the fraud and failing to notify federal regulators notice of the unlawful activity. *Id., e.g.*, ¶¶ 66-79, 180-94.

7. Where, as here, a plaintiff's complaint raises issues relating to "the contours of [the defendant's] federal duty," the complaint necessarily raises disputed questions of federal law. *NASDAQ OMX Group v. UBS Secs., LLC*, 770 F.3d 1010, 1023 (2d Cir. 2014) (holding

that complaint asserting state law breach of contract and negligence claims based on NASDAQ's violation of its internal rules, which were mandated by federal law, necessarily raised disputed issues of federal law).

8. Although the Complaint alleges violations of federal law in each of Plaintiffs' claims, Compl. ¶¶ 125, 136, 148, 161, 173, 179, 195, the Sixth and Seventh Causes of Action place the centrality of the federal questions in particularly sharp relief. Plaintiffs' Sixth Cause of Action, Fraud on the Regulator, alleges that Defendants "recklessly" and "consciously" defrauded federal regulators by failing to comply with federal law. Plaintiffs further allege that Defendants were required under the Bank Secrecy and Patriot Acts, and applicable federal regulations, to file Suspicious Activity Reports regarding Barry and the Leverage Group's allegedly suspicious transactions, but, "[u]pon information and belief," failed to do so. *Id.* ¶¶ 184-85. Plaintiffs further allege that the Defendants were required under these laws and regulations "to maintain rigorous anti-money-laundering policies and procedures," and that if Defendants had maintained such policies, "the regulators would have had information that would have led to the uncovering of the Ponzi scheme." *Id.* ¶ 186. Plaintiffs claim that Defendants proximately caused Plaintiffs' losses by failing to "fully and accurately report" Barry's activities to federal regulators. *Id.* ¶¶ 188-89, 192-94.[1]

9. In their Seventh Cause of Action for Negligence, Plaintiffs claim that Defendants owed them a duty of care based on Defendants' obligations arising under federal law to know their customer and investigate suspicious activities, among other things. Compl. ¶ 196. They

[1] Plaintiffs also allege, in the same cause of action, that defendants defrauded New York State regulators. For removal analysis, the alleged violations of federal and state law are properly considered as distinct causes of action. *See Broder v. Cablevision*, 418 F.3d 187, 194 (2d Cir. 2005) (splitting breach of contract claim based on both state and federal statutes incorporated into the contract into separate state and federal claims for the purposes of removal jurisdiction).

claim that Defendants' alleged breach of these federally created duties caused their losses. *Id.* 197.

10. Accordingly, Plaintiffs' claims will require the Court to consider disputed issues of federal law. *NASDAQ OMX Group, Inc.*, 770 F.3d at 1019 ("'[A] federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.'") (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).

## II. The disputed federal law issues are substantial because they relate to the role of financial institutions in assisting the government on matters of national security.

11. The disputed federal law issues raised in the Complaint are substantial because they relate to the duties of financial institutions, including national banks,[2] under federal law to assist the government in combating money laundering, terrorism and a host of other crimes implicating national security, and thus are important to the federal system as a whole. *See NASDAQ*, 770 F.3d at 1025 (issues relating to federal law duties of stock exchange to provide fair and orderly market are substantial, i.e., important to the federal system as a whole). As Plaintiffs themselves allege, the Bank Secrecy and Patriot Acts were enacted so that banks would "implement[] robust detection systems to ensure that money launderers and terrorists would not be able to use the United States financial system to further their crimes." Compl. ¶ 3. The Department of the Treasury's Financial Crimes Enforcement Network ("FinCEN"), whose mission "is to safeguard the financial system from illicit use and combat money laundering and promote national security," http://www.fincen.gov/, puts it more strongly: these laws require

[2] JPMorgan Chase Bank, N.A., HSBC Bank USA, N.A. and T.D. Bank, N.A., are national banks. The Complaint identifies as a defendant "HSBC North America Inc. d/b/a HSBC Bank USA, N.A.," and HSBC Bank USA, N.A. is a national bank.

financial institutions to assist U.S. government agencies to detect and prevent these crimes. *See* http://www.fincen.gov/statutes_regs/bsa/; http://www.fincen.gov/statutes_regs/patriot/.

12. The important federal law issues raised in this case, involving the scope of a bank's duties under the Bank Secrecy Act and Patriot Act, plainly belong in federal court. *See NASDAQ*, 770 F.3d at 1024, n. 9, citing *Grable*, 545 U.S. at 309. As the Supreme Court has explained, federal courts should resolve substantial questions of federal law not only because of the "experience" and "solicitude" they bring to bear on these issues, but also because they are more likely to bring uniformity to the decisional law. *See Grable*, 545 U.S. at 314. Nowhere are such concerns greater than in the area of national security.

**III. The State of New York will not be deprived of an opportunity to resolve claims that are typically within the state's purview.**

13. This Court's resolution of this case will not disturb "the appropriate 'balance of federal and state judicial responsibilities,'" *Gunn*, 133 S. Ct. at 1068 (quoting *Grable*, 545 U.S. at 314) because it will not "materially affect, or threaten to affect, the normal currents of litigation." *Broder*, 418 F.3d at 196 (citing *Grable*, 545 U.S. at 319). Indeed, it is federal courts—not state courts—that typically handle cases arising out of federally mandated reporting rules, national security monitoring, and national banking standards.

**SUPPLEMENTAL JURISDICTION IS WARRANTED**

14. To the extent that the Court finds there is federal question jurisdiction over fewer than all of the claims presented in the Complaint, the Court should exercise supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a), because all of the claims in this action arise out of the same case or controversy. *Shea v. Union Free Sch. Dist. of Massapequa*, 682 F. Supp. 2d 239, 241 (E.D.N.Y. 2010) ("Federal district courts also have supplemental jurisdiction over state law claims that are so related to claims in the action

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." (internal quotations omitted)).

15. Supplemental jurisdiction should be unnecessary, though, because each of plaintiffs' causes of action (1) necessarily raises federal issues, (2) those federal issues are actually disputed, (3) the federal issues are substantial, and (4) resolving the case in federal court will not place in federal court issues that are typically reserved for the states. *See NASDAQ OMX Group, Inc.*, 770 F.3d at 1020 ("[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.").

**CONCLUSION**

WHEREFORE, defendants request that the above-entitled action be removed from the Supreme Court of the State of New York, County of Kings, to this Court.

Dated: New York, New York
July 22, 2015

LEVI LUBARSKY & FEIGENBAUM LLP

By:_______________________
Andrea Likwornik Weiss
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
(212) 308-6100
*Attorneys for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.*

HODGSON RUSS LLP

By:_______________________
S. Robert Schrager
1540 Broadway, 24th Floor
New York, NY 10035
(212)584-9416
*Attorneys for M&T Bank*

O'MELVENY & MYERS LLP

By:_______________________
Pamela A. Miller
Allen Burton
Times Square Tower
7 Times Square
New York, New York 10036
(212) 326-2000
*Attorneys for Defendant TD Bank, N.A.*

GREENBERG TRAURIG LLP

By:_______________________
Louis Smith
Aaron Van Nostrand
200 Park Avenue
P.O. Box 677
Florham Park, NJ 07932
(973) 360-7900
*Attorneys for Defendant HSBC North America Inc.*

TO:

Nicholas I. Timko, Esq.
KAHN GORDON TIMKO & RODRIQUES, P.C.
20 Vesey Street, Suite 300
New York, New York 10007
(212) 233-2040
*Attorneys for Plaintiffs*

Dated: New York, New York
July 22, 2015

LEVI LUBARSKY & FEIGENBAUM LLP

By: ________________________________
Andrea Likwornik Weiss
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
(212) 308-6100
*Attorneys for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.*

HODGSON RUSS LLP

By: ________________________________
S. Robert Schrager
1540 Broadway, 24th Floor
New York, NY 10035
(212)584-9416
*Attorneys for M&T Bank*

O'MELVENY & MYERS LLP

By: ________________________________
Pamela A. Miller
Allen Burton
Times Square Tower
7 Times Square
New York, New York 10036
(212) 326-2000
*Attorneys for Defendant TD Bank, N.A.*

GREENBERG TRAURIG LLP

By: ________________________________
Louis Smith
Aaron Van Nostrand
200 Park Avenue
P.O. Box 677
Florham Park, NJ 07932
(973) 360-7900
*Attorneys for Defendant HSBC North America Inc.*

TO:

Nicholas I. Timko, Esq.
KAHN GORDON TIMKO & RODRIQUES, P.C.
20 Vesey Street, Suite 300
New York, New York 10007
(212) 233-2040
*Attorneys for Plaintiffs*